c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROGELIO DAVID CAMPOS, Plaintiff | CIVIL ACTION NO. 1:18-CV-00538 |
| VERSUS | JUDGE DRELL |
| CITY OF NATCHITOCHES, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Injunction (Doc. 20) filed by pro se Plaintiff Rogelio David Campos ("Campos"), proceeding *in forma pauperis*. Campos seeks a temporary injunction against City of Natchitoches Municipal Ordinance 10-58(a)(7). (Doc. 20). Because Campos has not shown immediate and irreparable injury, or that loss or damage will result before Defendants can be heard in opposition, Campos's motion, to the extent it seeks a Temporary Restraining Order ("TRO"), should be denied. Pursuant to Fed. R. Civ. P. 65(a), a hearing should be held to consider Campos's request for a preliminary injunction (Doc. 20).

I. Background

Campos filed a civil rights complaint (42 U.S.C. § 1983) on April 17, 2018. (Doc. 1). Campos named Defendants City of Natchitoches ("the City"), Mayor Lee Posey ("Posey") (individually and in his official capacity), Natchitoches Police Chief Micky Dove ("Dove") (individually and in his official capacity), Sergeant Steven Lester Rachal, Jr. ("Rachal") (individually and in his official capacity), and the Natchitoches

1

Police Department ("NPD") (collectively, "Defendants"). (Doc. 1). Campos alleges Defendants willfully violated his First Amendment right to perform lawful photography by harassing, menacing, and arresting him. (Doc. 1). Campos alleges Defendants willfully arrested him a second time, without probable cause, using excessive police force and violating his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 1). Campos also alleges Defendants conspired and acted to violate his constitutional rights using a "fake" ordinance designed to violate Due Process protected by the Fourteenth Amendment. (Doc. 1). Campos seeks compensatory damages and equitable relief. (Doc. 1). Campos also seeks punitive damages against Posey, Dove, and Rachal, in their individual capacities. (Doc. 1).

Specifically, Campos alleges that, on April 14, 2017, at around 3:00 p.m., he photographed a vehicle that had an illegible paper license plate and blackened windows. (Doc. 1). Campos alleges he also photographed the driver of that car when she harassed him. (Doc. 1). Campos alleges he then parked his vehicle on Front Street, when that same vehicle pulled beside him and shouted at him. (Doc. 1). Campos again photographed the driver. (Doc. 1). Campos claims another driver then "blocked" him and shouted at him, so he photographed her and her vehicle. (Doc. 1).

Around 4:00 p.m., Campos was walking on 2nd Street towards the municipal library and was abruptly stopped by Corporal Johnson ("Johnson") of the NPD, without reason. (Doc. 1). Campos alleges Private Guin ("Guin") and Rachal arrived, presumably for "backup." (Doc. 1).

Campos states both Rachal and Johnson menaced and taunted him with disparaging remarks and threats. (Doc. 1). Campos further alleges he offered his identification, but Rachal placed him under arrest. (Doc. 1). Campos asserts that it was at that time a woman – the mother of the first driver with whom he had an encounter – walked up and met with Guin and Rachal. (Doc. 1). Campos alleges Rachal made disparaging, derogatory, and defamatory comments to the woman about Campos's mental condition. (Doc. 1). Campos asserts the driver then joined her mother. (Doc. 1). According to Campos, Rachal encouraged both to file a complaint. (Doc. 1).

Campos alleges he was told his photography was "unlawful" and that a complaint was made against him. (Doc. 1). Campos had to ask several times what he was being charged with, and Rachal replied "disturbing the peace." (Doc. 1). Rachal drove Campos to the Natchitoches Parish Detention Center. (Doc. 1). Campos waived his Miranda rights. (Doc. 1). Campos further asserts he was booked for "disturbing the peace 10-58(a)(7) NPDC2017040121." (Doc. 1). On September 27, 2017, he was found not guilty of that offense. (Doc. 1).

Campos asserts the police have continued to harass him at home because of his photography, and have colluded and conspired to "defraud" him of his constitutional rights using an unconstitutional municipal ordinance. (Doc. 1). Campos asserts Natchitoches Municipal Ordinance 10-58(a)(7) ("Ordinance 10-58(a)(7)") is vague and overbroad. (Doc. 1). Campos asserts false arrest, excessive force, and other malfeasance violated his constitutional rights. (Doc. 1). Campos

3

asserts Rachal used excessive force against him in the NPD lobby on November 15, 2017, and forced him to sign a document. (Doc. 1). Campos claims Posey, Dove, and Rachal conspired to prevent his photography in public places, using a "fake" and "unlawful" ordinance. (Doc. 1). Campos asserts Monell liability against the City for the "unlawful" municipal ordinance. (Doc. 1).

Defendants answered, asserting various affirmative defenses. (Docs. 7, 8). NPD filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 6). Campos filed a "Motion to Amend/Correct Complaint" (Doc. 12) to remove NPD as a Defendant in the action. Campos's amendment was granted (Doc. 23), and counsel for NPD withdrew their Motion to Dismiss. (Doc. 23).

Campos now seeks a temporary injunction of Ordinance 10-58(a)(7). (Doc. 20). Defendants oppose Campos's motion. (Doc. 21). Campos replied, asserting he is not moving for a TRO. (Doc. 28). Rather, Campos asserts he seeks to stop the enforcement of the unlawful ordinance. (Doc. 28).

## II. Law and Analysis

### A. To the extent Campos seeks a TRO (Doc. 20), Campos's Motion for TRO should be denied.

Campos contends Ordinance 10-58(a)(7) is overbroad in scope, vague in detail, and has been used to harass, threaten, and unlawfully arrest Campos and other citizens. (Doc. 20). Campos asserts he was arrested under this ordinance in order to deny his "constitutionally protected right to lawful photography." (Doc. 20). Campos contends he was found "not guilty" of any crime. (Doc. 20). Campos argues he will suffer "additional irreparable harm from police harassment, intimidation, and

arrest," and that the loss of First Amendment freedoms for even a minimal amount of time constitutes irreparable injury, citing Elrod v. Burns, 427 U.S. 347 (1976).

Campos asserts that Ordinance 10-58(a)(7) fails the mandated specificity required by Due Process, and includes the overbroad phrases "any other act" and "to unreasonably disturb or alarm." (Doc. 20). Campos asserts such a vague law deprives citizens of their "right to fair process." (Doc. 20). Campos contends an injunction protects his interest, as well the interests of other citizens of the community. (Doc. 20). Campos further asserts he is likely to succeed on the merits because Ordinance 10-58(a)(7) is a "fake law" used as probable cause to unlawfully arrest him. (Doc. 20). Campos also asserts he suffered injuries during an assault and battery by "policemen at the NPD station lobby." (Doc. 20).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Campos to obtain a preliminary injunction, he must

demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); see also Flores v. Jacobs, 442 Fed.Appx. 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 Fed.Appx. at 165.

Campos contests the constitutionality of City of Natchitoches Ordinance 10-58(a)(7), which states:

> Sec. 10-58. - Disturbing the peace.
>
> (a) Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
> (1) Engaging in a fistic encounter; or
> (2) Using of any unnecessarily loud, offensive, obscene, or insulting language; or
> (3) Appearing in an intoxicated condition; or
> (4) Engaging in any act in a violent and tumultuous manner by any three (3) or more persons; or
> (5) Holding of an unlawful assembly; or
> (6) Interruption of any lawful assembly of people; or
> (7) Commission of any other act in such a manner as to unreasonably disturb or alarm the public.

(Doc. 1-2, p. 22). Campos contends that "commission of any other acts in such a manner as to unreasonable disturb or alarm the public" is overbroad and fails to put citizens on notice as to whether their actions will be construed as unlawful. (Doc. 20).

6

Campos further contends a bond is unnecessary since the City of Natchitoches cannot make a valid assertion of losses if it is temporarily enjoined from enforcing that ordinance. (Doc. 20).

Campos attaches the "affidavit" of a friend, Gail Braudaway ("Braudaway"), in the form of an unsworn declaration. (Doc. 20, p. 7-9). Braudaway attests that she was with Campos November of last year at the bar at The Landing Restaurant. (Doc. 20, p. 7). Braudaway attests that policemen, including Johnson, appeared at the restaurant, made inquiries with a restaurant attendant, and left. (Doc. 20, p. 7). Braudaway attests that they were drinking coffee so there was no opportunity to make a "false claim" that they were intoxicated and disturbing the peace. (Doc. 20, p. 7).

Defendants assert Campos's motion is an improper cumulation of actions in the pending § 1983 civil rights claim. (Doc. 21). Defendants contest Campos's claim that a TRO is necessary to prevent police from harassing him. (Doc. 21). Defendants assert Campos alleged, for example, harassment on August 7, 2018. (Doc. 21). Defendants provided a copy of the blotter entry and body cam video of that alleged incident, to show the police officers conduct was exemplary and does not warrant a restraining order. (Doc. 21). The blotter entry shows NPD responded to a complaint on August 7, 2018 at 1522 Salter Street, regarding alleged subjects in a white 2016 Hyundai Elantra, VIN 5NPDH4A1GH760396, who stopped on Williams Avenue and were taking pictures of their residence. (Doc. 21). The body cam video shows NPD responded to 1533 Salter Street, the residence of the subjects. (Doc. 21). The blotter

7

entry also noted "Loretta Broadway, 1533 Salter Street." (Doc. 21). NPD spoke to both complainant and alleged subjects, and left without any further action. (Doc. 21).

In the instant case, Campos is not entitled to a TRO under Fed. R. Civ. P. 65(b). He has not shown that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Moreover, Campos asserts he is not moving for a TRO, but seeks to "stop an unlawful city ordinance." (Doc. 28). Campos's motion (Doc. 20), to the extent it seeks a TRO, should be denied. This case should be set for a hearing on the issue of whether a preliminary injunction (Doc. 20) should be issued to enjoin enforcement of Ordinance 10-58(a)(7).

### III. Conclusion

Accordingly,

IT IS RECOMMENDED that, to the extent it seeks a TRO, Campos's Motion for a Temporary Injunction (Doc. 20) be DENIED.

IT IS FURTHER RECOMMENDED that a hearing be held to consider Campos's request for a preliminary injunction (Doc. 20).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __24th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge