c

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ROGELIO DAVID CAMPOS, Plaintiff | CIVIL ACTION NO. 1:18-CV-00538 |
| VERSUS | JUDGE DRELL |
| CITY OF NATCHITOCHES, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are: (1) a Rule 12(b)(6) Motion to Dismiss (Doc. 34) filed by Defendants City of Natchitoches (the "City"), Mayor Lee Posey ("Mayor Posey"), Chief Mickey Dove ("Dove"), and Steven Lester Rachel, Jr. ("Rachel") (collectively referred to as "Defendants"); (2) a Motion for Entry of a Revised Scheduling Order ("Motion to Revise") (Doc. 45), filed by pro se Plaintiff Rogelio David Campos ("Campos");[1] and (3) a "Motion for Leave to Amend Complaint Second Time and Leave to Supplement Complaint Pursuant to FRCP Rule 15" ("Motion to Amend") (Doc. 51), also filed by Campos. Campos opposes Defendants' Motion to Dismiss. (Doc. 40). Defendants oppose Campos's Motion to Amend. (Doc. 55).

Because Campos failed to attach a proposed amended complaint as required by Local Rule 7.6, and because Campos's proposed allegations are futile, Campos's Motion to Amend (Doc. 51) should be DENIED. Because Campos has failed to show good cause to amend the scheduling order, Campos's Motion to Revise (Doc. 45)

---

[1] Campos is proceeding *in forma pauperis*.

1

should be DENIED.  Because Campos's § 1983 claims are untimely, Defendants'
Motion to Dismiss (Doc. 34) should be GRANTED.

I.    <u>Background</u>

Campos filed a civil rights complaint (42 U.S.C. § 1983) on April 17, 2018.  (Doc.
1).  Campos originally named Defendants the City, Mayor Posey (individually and in
his official capacity), Dove (individually and in his official capacity), Rachal
(individually and in his official capacity), and the Natchitoches Police Department
("NPD").  (Doc. 1).  Campos alleges Defendants willfully violated his First
Amendment right to perform lawful photography by harassing, menacing, and
arresting him.  (Doc. 1).  Campos claims Defendants willfully arrested him a second
time, without probable cause, using excessive police force and violating his Fourth,
Fifth, Eighth, and Fourteenth Amendment rights.  (Doc. 1).  Campos also asserts
Defendants conspired and acted to violate his constitutional rights using a "fake"
ordinance designed to violate Due Process protected by the Fourteenth Amendment.
(Doc. 1).  Campos seeks compensatory damages and equitable relief. (Doc. 1).  Campos
also seeks punitive damages against Posey, Dove, and Rachal, in their individual
capacities.  (Doc. 1).

Specifically, Campos alleges that, on April 14, 2017, at around 3:00 p.m., he
photographed a vehicle that had an illegible paper license plate and blackened
windows.  (Doc. 1).  Campos claims he also photographed the driver of that car when
she harassed him.  (Doc. 1).  Campos asserts he then parked his vehicle on Front
Street, when that same vehicle pulled beside him and shouted at him.  (Doc. 1).

2

Campos again photographed the driver. (Doc. 1). Campos claims another driver then "blocked" him and shouted at him, so he photographed her and her vehicle. (Doc. 1).

Around 4:00 p.m., Campos was allegedly walking on 2nd Street towards the municipal library and was abruptly stopped by Corporal Johnson ("Johnson") of the NPD, without reason. (Doc. 1). Campos claims Private Guin ("Guin") and Rachal arrived, presumably for "backup." (Doc. 1).

Campos asserts both Rachal and Johnson menaced and taunted him with disparaging remarks and threats. (Doc. 1). Campos further contends he offered his identification, but Rachal placed him under arrest. (Doc. 1). Campos claims that it was at that time a woman – the mother of the first driver with whom he had an encounter – walked up and met with Guin and Rachal. (Doc. 1). Campos asserts Rachal made disparaging, derogatory, and defamatory comments to the woman about Campos's mental condition. (Doc. 1). Campos claims the driver then joined her mother. (Doc. 1). According to Campos, Rachal encouraged both to file a complaint. (Doc. 1).

Campos claims he was told his photography was "unlawful" and that a complaint was made against him. (Doc. 1). Campos allegedly had to ask several times what he was being charged with, and Rachal replied "disturbing the peace." (Doc. 1). Rachal drove Campos to the Natchitoches Parish Detention Center. (Doc. 1). Campos waived his Miranda rights. (Doc. 1). Campos further asserts he was booked for "disturbing the peace 10-58(a)(7) NPDC2017040121." (Doc. 1). On September 27, 2017, he was found not guilty of that offense. (Doc. 1).

Campos asserts the police have continued to harass him at home because of his photography, and have colluded and conspired to "defraud" him of his constitutional rights using an unconstitutional municipal ordinance. (Doc. 1). Campos contends Natchitoches Municipal Ordinance 10-58(a)(7) ("Ordinance 10-58(a)(7)") is vague and overbroad. (Doc. 1). Campos claims false arrest, excessive force, and other malfeasance. (Doc. 1). Campos asserts Rachal used excessive force against him in the NPD lobby on November 15, 2017, and forced him to sign a document.[2] (Doc. 1). Campos claims Posey, Dove, and Rachal conspired to prevent his photography in public places, using a "fake" and "unlawful" ordinance. (Doc. 1). Campos asserts <u>Monell</u> liability against the City for the "unlawful" municipal ordinance. (Doc. 1).

Defendants answered, asserting various affirmative defenses. (Docs. 7, 8). NPD filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 6). Campos filed a "Motion to Amend/Correct Complaint" (Doc. 12) to remove NPD as a Defendant in the action. Campos's amendment was granted (Doc. 23), and counsel for NPD withdrew their Motion to Dismiss. (Doc. 23).

Defendants now seek a dismissal with prejudice of all of Campos's claims and causes of action under Rule 12(b)(6). (Doc. 34). Defendants argue Campos's claims of false arrest and excessive force are prescribed. (Doc. 34). Campos responds that he timely mailed his Complaint, post-marked on April 16, 2018, as the one-year statute of limitations fell on a weekend. (Doc. 40).

---

[2] Campos, in his opposition to Defendants' Motion to Dismiss, concurs that the excessive force claim stems from alleged acts occurring on April 15, 2017, the day after his arrest. (Doc. 40).

Campos also filed an untimely motion for leave to amend. (Doc. 51).[3] Campos seeks to amend his complaint a second time to include new claims of malicious prosecution under 42 U.S.C. § 1983, and "denial of equal protection under the law" resulting from his trial on September 27, 2017.[4] (Docs. 51, 53). Campos also seeks to amend his allegations of conspiracy and "supplement new facts regarding additional police intrusions, invasion of privacy, tampering of evidence, physical surveillance, and as need to support his allegations. . ." of conspiracy under 42 U.S.C. § 1985. (Docs. 51, 53). Campos asserts Defendants' malicious prosecution occurred on or before September 27, 2017, "within the statute of limitations." (Doc. 53). Campos also claims Defendants' conspiracy includes an unlawful arrest, police brutality, and malicious prosecution. (Doc. 53). Defendants oppose. (Doc. 55).

Defendants contest that Campos's proposed amendment to include malicious prosecution constitutes a separate cause of action. (Doc. 55). Defendants argue that Campos's proposed amendment to supplement his original claims with new facts regarding separate incidents of police intrusions, and invasion of privacy should be asserted in a new Complaint as new and separate causes of action. (Doc. 55).

---

[3] On December 6, 2018, Campos filed leave to amend. (Doc. 51). The deadline for amended pleadings was December 3, 2018. (Doc. 23).

[4] Campos did not attach a proposed Second Amended Complaint to his motion, as required by Local Rule 7.6 of the Western District of Louisiana. Thus, the Court can only assume Campos's proposed amendments would be consistent with his assertions in his motion and accompanying memorandum. (Docs. 51, 53).

## II.    Law and Analysis

### A.    Standards governing the 12(b)(6) Motion to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Plausibility does not equate to possibility or probability; it lies somewhere in between.  Id.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  See Twombly, 550 U.S. at 556.  The court must view all well-pleaded facts in the light most favorable to the plaintiff.  Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  Iqbal, 556 U.S. at 678.  A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand.  Id.  Similarly, where the well-pleaded facts do not

permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense.  Id.  In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010).  With respect to a statute of limitations defense, dismissal for failure to state a claim is proper when "it is evident from the pleadings that the action is barred and the pleadings fail to raise

some basis for tolling." <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359, 366 (5th Cir. 2003); <u>accord</u> <u>Jaso</u>, 435 F. App'x at 351-52.

### B.    <u>Standards governing the Motion to Amend.</u>

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  A court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."  <u>Brewster v. Dretke</u>, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted).  Granting leave to amend, however, is not required if the plaintiff has already pleaded his "best case."  <u>Brewster</u>, 587 F.3d at 768 (citing <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998)).  A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." <u>Rio Grande Royalty Co. v.</u> <u>Energy Transfer Partners, L.P.</u>, 620 F.3d 465, 468 (5th Cir. 2010) (citing <u>Briggs v.</u> <u>Mississippi</u>, 331 F.3d 499, 508 (5th Cir. 2003)).

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the

amendment." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  In addition, where – as here – a court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

Moreover, the more lenient standard of Rule 15(a) does not apply if an amendment would require the modification of a previously entered scheduling order. <u>Filgueira v. U.S. Bank Nat. Ass'n</u>, 734 F.3d 420, 422 (5th Cir. 2013) (citing <u>S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 535 (5th Cir. 2003). Rather, Rule 16(b) governs the amendment of pleadings "after a scheduling order's deadline to amend has expired." <u>Filgueira</u>, 734 F.3d at 422 (citing <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir. 2008)).

Under Fed. R. Civ. P. 16(b)(3)(A), the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.  Under Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for good cause and with the judge's consent.  Because the deadline for seeking to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under Rule 16(b)(4)'s good cause standard before determining whether denial is appropriate under Rule 15.  <u>See</u> <u>S&W Enters., L.L.C.</u>, 315 F.3d at 536.  The Court has broad discretion to preserve the integrity and purpose of the pretrial order.  <u>Squyres v. Heico Companies, L.L.C.</u>, 782 F.3d 224, 239 (5th Cir. 2015) (citing <u>S&W Enters., L.L.C.</u>, 315 F.3d. at 535) (internal quotation marks and citation omitted).

A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." <u>Filgueira</u>, 734 F.3d at 422 (citing <u>Fahim</u>, 551 F.3d at 348) (internal citations omitted).  If a party shows good cause for missing the deadline, then the "more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." <u>Id.</u>  There are four factors relevant to a determination of good cause required to amend pleadings under the rule governing modification of a scheduling order:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. <u>Filgueira</u>, 734 F.3d at 422 (quoting <u>E.E.O.C. v. Serv. Temps Inc.</u>, 679 F.3d 323, 333 (5th Cir. 2012)) (<u>see also</u> <u>United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.</u>, 816 F.3d 315, 358 (5th Cir. 2016) (quoting <u>S&W Enters, L.L.C.</u>, 315 F.3d at 536)).

## C. <u>Campos's Motion to Amend (Doc. 51) and Motion to Revise (Doc. 45) should be denied.</u>

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).  Although Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court is entrusted with the discretion to deny a motion to amend if it is futile.  <u>See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n</u>, 751 F.3d 368, 378 (5th Cir. 2014).  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." <u>Id.</u>  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved

in his behalf, the complaint states any valid claim for relief." <u>Stripling</u>, 234 F.3d at 873.

Here, Campos's Motion to Amend (Doc. 51) was untimely. Campos's motion was filed after the deadline to amend pleadings, which was on December 3, 2018. (Doc. 23). Thus, Campos's motion must be evaluated under Rule 16(b)'s good cause standard. <u>S&W Enterprises</u>, 315 F.3d at 536. Under the four factors relevant to a determination of good cause required to amend pleadings under the rule governing modification of a scheduling order, the Court examines: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. <u>Filgueira</u>, 734 F.3d at 422.

Campos filed a Motion to Revise prior to the deadline to amend pleadings. (Doc. 45). Campos explains his amendment is contingent on receipt of additional discovery from Defendants.[5] (Doc. 45). Campos claims Defendants are withholding critical evidence, in addition to having tampered with key video evidence.[6] (Doc. 45). Campos asserts he is developing "current and future counts against [Defendants] . . . among other allegations, conspiracy and related acts which violate [his] Due Process rights." (Doc. 45). Campos asserts he seeks leave to amend in response to Defendants'

---

[5] Campos's Motion to Compel (Doc. 45) and all briefing deadlines were stayed pending a decision by this Court on Defendants' Motion to Dismiss (Doc. 34). (Doc. 44). Given the stay, Campos's Motion to Compel has not been fully briefed and Defendants have not had the opportunity to respond.

[6] While Defendants have not briefed this issue due to a stay on Campos's Motion to Compel, Defendants took issue with this contention at the October 31, 2018 preliminary injunction hearing. (Doc. 41).

assertion of prescription, and to include acts of conspiracy occurring after the day of the arrest, including police brutality the following day. (Doc. 45). Considering the pending motions by Campos, in addition to his pro se status, his explanation for failure to timely move to amend bears in his favor.

However, Campos did not attach a proposed Second Amended Complaint to his motion, as required by Local Rule 7.6 of the Western District of Louisiana. Any motion for leave to amend a pleading must be accompanied by a proposed order, a statement that the party has presented the proposed amendment or pleading to all parties and whether any party opposes the amendment, and the proposed pleading for which leave to file is sought. L.R. 7.6. Thus, the Court cannot ascertain without a proposed pleading the importance of the amendment or the potential prejudice in allowing the amendment because it is not entirely clear what additional allegations Campos's amendment will contain. The Court can only assume Campos's proposed amendments would be consistent with his assertions in his motion and accompanying memorandum. (Docs. 51, 53). Thus, the Court finds Campos fails to show good cause to revise the Court's scheduling order. However, even if good cause was established, based on the assertions in Campos's motion and accompanying memorandum, Campos's second-amended complaint would not survive a Rule 12(b)(6) motion.[7]

---

[7] According to his motion and memorandum, Campos seeks to amend to add a claim for malicious prosecution. (Docs. 51, 53). False arrest and malicious prosecutions are "entirely distinct" torts. Richard v. Gibson, 2015 WL 3791619, at *2 (W.D. La. Jun. 16, 2015) (citing Wallace v. Keto, 549 U.S. 384 (2007). Campos seeks to add his malicious prosecution claim, arguing relation back to his original Complaint, in an effort to avoid dismissal of his claims for false arrest and excessive force. (Docs. 51, 53). However, Campos's malicious prosecution claim would have accrued on September 27, 2017, when prosecution terminated in his favor. Morrill v. City of Denton, Texas, 693 Fed.Appx. 304, 306 (5th Cir. 2017) ("A malicious

Although the Court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id. Campos failed to attach his proposed amendment to his motion for leave, and the Court could not ascertain anything other than conclusory allegations in his memorandum in support. Therefore, Campos's Motion to Revise (Doc. 45) should be DENIED, and Campos's Motion to Amend (Doc. 51) should be DENIED as futile.

---

prosecution claim only accrues once the criminal charges are dismissed because an element of that tort is the termination of a criminal prosecution in the plaintiff's favor. . . . Thus, no cause of action exists until the prosecution is resolved."). Moreover, "a pending criminal charge does not delay accrual of an excessive force claim arising out of an arrest for that charge." Id. (citations omitted); see also Wallace, 549 U.S. at 389-91 (holding that "the statute of limitations upon a Section 1983 claim seeking damages for false arrest . . ., where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," not at the time that a conviction arising out of the arrest is reversed).

Thus, Campos's malicious prosecution claim would run from September 27, 2017, and Campos would have been required to bring suit by September 27, 2018. Campos did not include a cause of action for malicious prosecution in his April 17, 2017 suit, and he did not seek to amend to include the malicious prosecution claim until December 6, 2018. Thus, Campos's claim for malicious prosecution is untimely unless Campos can establish the proposed amendment relates back to the original complaint. For Campos's malicious prosecution claim to relate back to the original complaint, Campos's amendment must assert a claim that arises out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Considering that Campos failed to attach a proposed pleading, the Court cannot ascertain what allegations Campos's malicious prosecution claim would entail. Because Campos failed to establish his claim for malicious prosecution relates back to his original Complaint, and because his malicious prosecution claim is now untimely, the Court finds such amendment would be futile.

## C.  Campos's claims under § 1983 are time-barred.

Since there is no federal statute of limitations, the applicable statute in a 42 U.S.C § 1983 action is the forum state's personal injury limitations period, which in Louisiana is one year. William v. Beauregard Par., 2015 WL 7957031, at *3 (W.D. La. Aug. 24, 2015), report and recommendation adopted sub nom. Williams v. Beauregard Par., 2015 WL 8076434 (W.D. La. Dec. 4, 2015) (citing Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998)).  Nonetheless, while state law determines the limitations period, federal law governs the accrual of a § 1983 action. Id.  That same one-year period applies to claims under § 1985. Smith v. Humphrey, 2012 WL 1970883, at *2 (W.D. La. 2012) (citing McCoy v. Claiborne Parish Detention Center, 2011 WL 1898910, *3 (W.D. La. 2011)).

Federal law provides that a cause of action accrues the moment the plaintiff knows, or has reason to know, of the injury that is the basis of his complaint. Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987)).  Campos's claims against Defendants under § 1983 are subject to a prescriptive period of one year.[8] Campos asserts claims of false arrest related to his April 14, 2017 arrest, and alleged excessive force on April 15, 2017.  (Docs. 1, 29).  Most such claims (e.g., false arrest or excessive force) accrue at the time of the arrest, while a claim such as malicious prosecution may not accrue until such time as criminal charges are resolved. Winfrey v. Rogers, 882 F.3d 187, 196-197 (5th Cir. 2018); Humphreys v. City of Ganado, 467

---

[8] To the extent Campos seeks to amend his Complaint to include allegations under § 1985, those claims would also be subject to a one-year prescriptive period.

Fed.Appx. 252, 255-256 (5th Cir. 2012). Campos filed suit on April 17, 2018 for claims of false arrest and excessive force. (Doc. 1). Thus, Campos's claims of false arrest and excessive force under § 1983 are untimely.[9]

## III. Conclusion

Accordingly,

IT IS RECOMMENDED that Campos's Motion to Revise (Doc. 45) be DENIED.

IT IS FURTHER RECOMMENDED that Campos's Motion to Amend (Doc. 51) be DENIED AS FUTILE.

IT IS FURTHER RECOMMENDED that Defendants' Motion to Dismiss (Doc. 34) be GRANTED.

---

[9] Campos also presents claims of conspiracy leading up to his arrest. (Docs. 1, 29). To the extent that Campos's conspiracy claims were not raised in Defendants' Motion to Dismiss, Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

Here, the Court determines, *sua sponte*, Campos's conspiracy allegations fail to state a claim for relief. Campos fails to set forth dates of the alleged acts of conspiracy, instead referencing to conspiracy in general conclusory terms. (Doc. 1, 29). Campos's allegations of conspiracy are unclear in his Complaint, as amended. (Docs. 1, 29). Additionally, any alleged acts of conspiracy prior to April 17, 2017, the date of his filing, would also be untimely. A court should generally allow a pro se plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). However, if a plaintiff has amended his complaint yet failed to cure the deficiencies therein, the court may dismiss it without allowing an additional opportunity to amend. See Sims v. Gamble, No. 4:17-2359, 2018 WL 447362, at *6 (S.D. Tex. Jan. 17, 2018). While Campos seeks to amend to add additional facts regarding acts of conspiracy, he fails to attach a proposed pleading in accordance with L.R. 7.6 and his memorandum does not allege sufficient allegations to cure this deficiency.

IT IS FURTHER RECOMMENDED that Campos's complaint be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Campos's Motion to Compel Production (Doc. 42) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this _8th___ day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge